[Civ. No. 43505. Second Dist., Div. Four. Aug. 7, 1975.]

DOROTHY MAE STERN, Plaintiff and Respondent, v.
GENERAL TELEPHONE COMPANY OF
CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Morgan, Wenzel & McNicholas and John P. McNicholas for Defendant and Appellant.

Leonard Horwin for Plaintiff and Respondent.

## OPINION

FILES, P. J.—This is an action for damages for the alleged gross negligence of the defendant with respect to its obligations to provide telephone service for the plaintiff. After a jury trial plaintiff was awarded damages of $10,820 from which judgment the defendant has appealed. The issues on appeal revolve around rule 26 of defendant's tariff, which provided that, for interruption of service, the company would allow the customer a credit on the total bill, proportionate to the number of days "out of service."[1]

■ Between April and August 1970 plaintiff was engaged in a business characterized as a "health spa," whose services were intended to improve a client's health, appearance and personality. The business was located in the gym facilities of a high-rise luxury apartment building in Westwood.

A chronic problem with plaintiff's telephone service was that her customers and business associates were unable to complete calls to her. Plaintiff would frequently answer the phone to find no one there. Her callers often heard an unwarranted busy signal or a recording indicating that the numbers were not in service. Some were unable to complete calls even with operator assistance. She also experienced difficulty in placing outgoing calls.

Plaintiff's frequent complaints to defendant over the four-month period never resulted in a significant improvement in the service.

Plaintiff's theory was that the continued inability of prospective clients to respond to her advertising rendered it impossible to obtain sufficient customers to continue the business. Her accountant testified that upon

---

[1]Rule No. 26: "CREDIT ALLOWANCE FOR INTERRUPTION TO SERVICE: Upon request of the customer, the Company will allow customers credit in all cases where telephones are 'out of service' except when the 'out of service' is due to the fault of the customer, for periods of one day or more (from the time the fact is reported by the customer or detected by the company), of an amount equal to the total bill for exchange service multiplied by the ratio of the number of days of 'out of service' to the number of days in the billing covered by the total bill for exchange service.

"A day of 'out of service' will be considered to exist when outgoing service is not available for a period of twenty-four consecutive hours. When any 'out of service' period continues for a period in excess of an even multiple of twenty-four hours, then the total period upon which to determine the credit allowance will be taken to the next higher even twenty-four hour multiple.

"In no case will the credit allowance for any period exceed the total bill for exchange service for that period."

the basis of experience with this type of business, plaintiff's expectable profit was $1,900 per month. Instead, she had no profit, and her $8,000 investment in the venture had no appreciable salvage value.

The trial court refused to give an instruction requested by defendant based upon rule 26. Instead, the court instructed the jury upon plaintiff's theories of negligence and gross negligence. The jury was told that if defendant injured plaintiff by a negligent violation of duty, plaintiff was entitled to damages.

Subsequent to the trial of this case the Supreme Court handed down its decision in *Waters* v. *Pacific Telephone Co.* (1974) 12 Cal.3d 1 [114 Cal.Rptr. 753, 523 P.2d 1161]. In that case a tariff provision substantially the same as rule 26 was held to operate as a limitation upon the utility's liability for ordinary negligence. The Supreme Court pointed out that the limitation on liability was a part of a tariff approved by the Public Utilities Commission, that the commission had taken this limitation into account in setting rates, and that a judicial refusal to recognize that limitation would be an interference with the commission's lawful powers.

Since instructions given in the case at bench were to the contrary, the judgment in this case must be reversed.

For the guidance of the trial court after remand, it is necessary to decide now whether the tariff also operates to limit liability for gross negligence. The *Waters* opinion discussed the tariff only in relation to a claim for ordinary negligence.

We first look to the language of the tariff. Rule 26 does not mention either negligence or gross negligence. It simply provides a remedy for interruption of service, which, by judicial interpretation, is the exclusive remedy for an interruption due to ordinary negligence. The language of rule 26 does not provide any basis for drawing a distinction between negligent interruptions and grossly negligent interruptions.

We next look to the pronouncement of the Public Utilities Commission as to the meaning of such a rule. In 1967 the commission undertook, on its own motion, to investigate all tariff provisions limiting the liability of telephone companies. In its decision No. 77406, filed June 30, 1970 (*Re Telephone Corporations,* 71 Cal.P.U.C. 229), the commission adopted findings and announced an order requiring each telephone company to adopt, as a part of its tariff, new limitation of liability rules.

In substance the new rules were to (1) provide expressly for liability for wilful misconduct, fraudulent conduct or violations of law; (2) allow liability for gross negligence to a limit of $10,000 (except that the limitation would be $2,000 for companies having annual gross revenue of a million dollars or less); (3) limit liability for other errors or defects to a credit not exceeding the charges for the period affected.

The opinion of the commission commented upon the tariffs which were in effect prior to and at the time of the decision. The commission declared that the report of its examiner had correctly found "that the present limitation of liability rules do not apply to situations involving wilful misconduct, fraudulent conduct or violations of law," and that these exceptions should be stated specifically in future tariffs. The commission also adopted the finding of the examiner that "Respondents' [of which the defendant here is one] present limitation of liability rules apply to situations involving negligence and gross negligence." (71 Cal. P.U.C. at p. 248.)

When consideration is given to the language of rule 26, the Supreme Court's interpretation of it as a part of the rate-setting plan,[2] and the commission's own declaration of its purpose, the rule can only be construed as a limitation upon liability for gross negligence as well as ordinary negligence.

The remaining question is whether the adoption of the commission's decision 77406 on June 30, 1970, has any effect upon a claim based upon gross negligence while an earlier tariff was in effect. The decision itself is explicit. Finding number 2, made by the examiner and adopted by the commission, states:

"2. The Commission has previously entered final decisions which found the limitation of liability rules of PT&T and General Telephone Company to be reasonable. Insofar as other respondents may have similar rules they also must be deemed to be reasonable. In the light of the aforesaid decisions, the Commission in this proceeding cannot enter an order which changes the rules with respect to directory or service errors which have occurred. It may only enter an order which makes prospective changes." (71 Cal.P.U.C. at pp. 247-248.)

---

[2]". . . Pacific's use of a credit allowance provision as a means of limiting its liability for ordinary negligence has been considered and approved by the commission, and taken into account in setting its rates. Were the courts permitted to reappraise and reinterpret the language of commission-approved tariff schedules in the guise of 'judicial construction,' the supervisory and regulatory functions of the commission set forth above could easily be undermined." (*Waters* v. *Pacific Telephone Co., supra,* 12 Cal.3d 1, at p. 10.)

Accordingly, the commission's order, which took effect 20 days after June 30, 1970, required that "Within sixty days after the effective date of this order each respondent shall adopt as part of its tariff the [new] rules set forth in Appendix A attached herewith and cancel any tariff provisions inconsistent herewith." (71 Cal.P.U.C. at p. 251.)

The report of the examiner and the opinion of the commission both pointed out that since the limitation on liability was taken into account in setting rates, the issue was one of balancing the impact upon the person damaged against the impact upon ratepayers generally. A reason given for allowing recovery up to $10,000 for gross negligence was that this exposure might be an incentive to reduce errors for the benefit of all ratepayers. Obviously, neither the balancing of interests nor the anticipated incentive could be applied retrospectively. It is clear that the commission's decision to allow a limited recovery of damages for gross negligence was intended to apply only to service interruptions after the effective date of a new tariff adopted pursuant to the 1970 order. Plaintiff in this action will not be entitled to recover damages for ordinary negligence or gross negligence, except by a credit allowance for the period while the old tariff was in effect.

The judgment is reversed.

Jefferson, J.,* and Cole, (J. L.) J.,† concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 30, 1975. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

†Assigned by the Chairman of the Judicial Council.